# UNITED STATES BANKRUPTCY COURT
# MIDDLE DISTRICT OF NORTH CAROLINA
# **M E M O R A N D U M**

**TO:**     Parties to Below Referenced Adversary Proceeding

**FROM:**   Bankruptcy Clerks Office

Instructions and Information for Pretrial Scheduling Memorandum

**DATE: 1/6/11**

ADVERSARY PROCEEDING NUMBER:     11-9003
ADVERSARY PROCEEDING NAME:     Kimberly Ray Gregory   vs.   Household Realty Corporation

=============================================================

In accordance with Rule 26(f) of the Federal Rules of Civil Procedure and Bankruptcy Rule 7026, this Court requires that the parties to an adversary proceeding meet on or before  **March 3, 2011**      .  At such meeting, the parties are required to discuss the items described in Federal Rule 26(f).

If the parties agree on a discovery plan, they must sign and file a Joint Scheduling Memorandum with the Court within **10 days** after the previously described scheduling meeting.  The parties must also prepare and attach to the memorandum a **separate** Scheduling Order.  The Scheduling Order should **set out a specific date** that all final pre-trial disclosures shall be filed with the Court and served on the opposing counsel.  <u>In the event the Court signs the Scheduling Order, the initial pretrial hearing will be canceled.</u>  **Please Note: The Scheduling Order format has changed effective April 16, 2007.  Please review the new information contained in Paragraph 4.**

If all matters in the Scheduling Memorandum are not agreed to by all parties, a separate Scheduling Memorandum must be filed by each party within **10 days** of the scheduling meeting.  Absent notification to the contrary, the Court will conduct the initial pretrial hearing when separate Scheduling Memorandums are filed.

**IN ANY EVENT, THE SCHEDULING MEMORANDUM(S) SHALL BE FILED NO LATER THAN  March 13, 2011       , WHICH IS FOUR DAYS PRIOR TO THE SCHEDULED PRETRIAL HEARING.**

If a party files a request for additional time to file an answer, the request shall be accompanied by an Order, which addresses the scheduling of a pretrial hearing and the time for filing a Scheduling Memorandum.  Attached is an example of such an Order.

A copy of this memorandum (with attached Joint Scheduling Memorandum, Scheduling Order and Scheduling Memorandum) shall be served with the summons and complaint by the plaintiff upon each defendant.

Attachments:   Joint Scheduling Memorandum
               Scheduling Order
               Scheduling Memorandum
               Order Extending Time

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF NORTH CAROLINA

IN RE:                        )
                              )
                              )    Case No.
            Debtor(s)         )
_____ )
                              )
                              )
            Plaintiff(s),     )
                              )
v.                            )    Adversary No.
                              )
                              )
            Defendant(s).     )
                              )

JOINT SCHEDULING MEMORANDUM

A.  The Rule 26(f) meeting of the parties in this adversary proceeding was held on _____.

B.  The following were in attendance:

   (1)_____, attorney for _____

   (2)_____, attorney for _____

   (3)_____, attorney for _____

   (4)_____.

C.  The following matters and time limits were covered during the meeting:

   (1)    _____, as the last day for filing motions to amend;

   (2)    _____, as the last day for filing motions to join other parties;

   (3)    _____, as the date within which discovery (general and expert), must be completed;

   (4)    Initial disclosure of experts who may be used at trial to present evidence and the written reports of experts described in Rule 26(a)(2)(B) shall be due as follows:

       From the plaintiff(s) by _____

       From the defendant(s) by _____.

   (5)    Pursuant to Rule 26(a)(2)(C), disclosures regarding rebuttal expert witnesses and evidence intended solely to contradict or rebut evidence on the same subject matter identified by another party under Rule 26(a)(2)(B) shall be due within 30 days after the disclosure made by the other party.

   (6)    _____, as the last day for filing dispositive motions and supporting materials, including affidavits and supporting briefs.

   (7)    _____, as the last day for filing and serving the final pre-trial disclosures required by Rule 26(a)(3).

   (8)    The final pre-trial disclosures shall include:

    (a)  a statement of the contested issues remaining for trial;

    (b)  identity of all witnesses who may be called at trial;

    (c)  a concise summary of the testimony which each witness is expected to present;

    (d)  a designation of witnesses whose testimony is expected to be presented by means of deposition;

    (e)  identifications of all exhibits which may be offered at trial, with a copy of each exhibit attached to the disclosure form which is filed with the court;

    (f)  a statement of all objections to exhibits, depositions and witnesses identified by the opposing party which shall be filed and served within 10 days after service of the pre-trial disclosures of the opposing party; and

    (g)  whether a separate final pre-trial conference is requested before this adversary proceeding is scheduled for trial.

D.  Statement regarding core/non-core matters:

    ____ (a) All contested issues in this proceeding are core matters, on which the bankruptcy court may enter final judgment.

    ____ (b) All contested issues in this proceeding are non-core matters, and the parties hereby state that the bankruptcy court ____ has their consent ____ does not have their consent to enter final judgment.

    ____ (c) The contested issues in this proceeding include core and non-core matters as follows:
_____
_____
_____. As to those matters that are non-core, the bankruptcy court ____ has the parties's consent ____ does not have the parties' consent to enter final judgment.

    ____ (d) (Understanding that the distinction is of importance only if consent to bankruptcy court's entry of final judgment is not provided) the parties disagree as to the core or non-core nature of the matters within this action as follows:_____
_____
_____
_____.

E.  Requests for jury trial:

    ____ (a) Neither party seeks a jury trial.

    ____ (b) The Plaintiff demands a jury trial.

    ____ (c) The Defendant demands a jury trial.

    ____ (d) The parties ____ agree ____ disagree regarding jury entitlement.

    ____ (e) If a right to jury trial exists, the parties ____ consent ____ do not consent to a jury trial in the bankruptcy court.

    This _____ day of _____, 200___.

Signed:_____  Signed:_____
Attorney for _____      Attorney for _____

Signed:_____  Signed: _____
Attorney for _____      Attorney for _____

## UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF NORTH CAROLINA

IN RE:

           Debtor         ) Case Number:

           Plaintiff

vs.                        ) Adversary Number:

           Defendant

### S C H E D U L I N G   O R D E R

It appearing to the court that the parties have conferred and submitted a scheduling memorandum in accordance with Federal Rule 26(f) and Bankruptcy Rule 7026 and that this scheduling order be entered at this time without the parties appearing in court for a pre-trial/scheduling conference.

Now, therefore, it is **ORDERED** as follows:

1. The time limits set forth in the joint scheduling memorandum are approved and shall be binding upon the parties;

2. The initial pre-trial conference scheduled for _____, 200_, is cancelled; and

3. All final pre-trial disclosures shall be filed with the Court and served on the opposing counsel by the __ day of _____, 200_, unless a dispositive motion is filed in which case the final pre-trial disclosures shall be filed within 20 days of the entry of the Order ruling on the dispositive motion.

4. The defendant shall have 30 days from the date of this Order within which to file a brief or legal memorandum in support of its defenses asserting insufficiency of process, insufficiency of service of process and failure to state claims for relief. If the defendant files a brief or legal memorandum in support of such defenses, the plaintiffs shall have 60 days from the date of this Order within which to file a brief or legal memorandum in opposition to the defendant's brief or legal memorandum. If the defendant does not file a

supporting brief or legal memorandum on or before 30 days from the date of this Order, defendant shall be deemed to have abandoned the foregoing defenses and an order overruling and denying such defenses shall be entered.

This ____ day of _____, 200__.

_____
BANKRUPTCY JUDGE

**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF NORTH CAROLINA**

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| | ) | Case No. |
| Debtor. | ) | |
| _____ | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Adversary No. |
| | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## SCHEDULING MEMORANDUM

A. The Rule 26(f) meeting of the parties in this adversary proceeding was held on _____.

B. The following were in attendance:

    (1)_____, attorney for _____

    (2)_____, attorney for _____

    (3)_____, attorney for _____

    (4)_____.

C. The undersigned proposes the following discovery plan:

    (1) _____, as the last day for filing motions to amend;

    (2) _____, as the last day for filing motions to join other parties;

    (3)_____, as the date within which discovery (general and expert), must be completed;

    (4) Initial disclosure of experts who may be used at trial to present evidence and the written reports of experts described in Rule 26(a)(2)(B) shall be due as follows:

        From the Plaintiff(s) by _____
        From the Defendant(s) by _____.

    (5) Pursuant to Rule 26(a)(2)©, disclosures regarding rebuttal expert witnesses and evidence intended solely to contradict or rebut evidence on the same subject matter identified by another party

under

Rule 26(a)(2)(B) shall be due within 30 days after the disclosure made by the other party.

(6)_____, as the last day for filing dispositive motions and supporting materials, including affidavits and supporting briefs.

(7) _____, as the last day for filing and serving the final pre-trial disclosures required by Rule 26(a)(3).

(8) The final pre-trial disclosures shall include:

(a) a statement of the contested issues remaining for trial;

(b) identity of all witnesses who may be called at trial;

© a concise summary of the testimony which each witness is expected to present;

(d) a designation of witnesses whose testimony is expected to be presented by means of deposition;

(e) identifications of all exhibits which may be offered at trial, with a copy of each exhibit attached to the disclosure form which is filed with the court;

(f) a statement of all objections to exhibits, depositions and witnesses identified by the opposing party which shall be filed and served within 10 days after service of the pre-trial disclosures of the opposing party; and

(g) whether a separate final pre-trial conference is requested before this adversary proceeding is scheduled for trial.

D. Statement regarding core/non-core matters:

____ (a) All contested issues in this proceeding are core matters, on which the bankruptcy court may enter final judgment.

____ (b) All contested issues in this proceeding are non-core matters, and the party submitting this memorandum ____ does consent ____ does not consent to the bankruptcy court entering final judgment.

____ (c) The contested issues in this proceeding include core and non-core matters as follows:
_____
_____
_____. As to those matters that are non-core, the bankruptcy court ____ has the consent ____ does not have the consent of the party submitting this memorandum to enter final judgment.

____ (d) (Understanding that the distinction is of importance only if consent to bankruptcy court's entry of final judgment is not provided) the parties disagree as to the core or non-core nature of the matters within this action as follows:_____
_____
_____

_____.

E.  Requests for jury trial:

        ____ (a) A jury trial is requested.

        ____ (b) A jury trial is not requested.

        ____ (c) If a jury trial is requested, the party submitting this memorandum ____ does consent ____ does not consent to a jury trial in the bankruptcy court.

        This _____ day of _____, 200___.


Signed:_____        Signed:_____
Attorney for _____      Attorney for _____

Signed:_____      Signed: _____
Attorney for _____     Attorney for _____

# UNITED STATES BANKRUPTCY COURT
# MIDDLE DISTRICT OF NORTH CAROLINA

IN RE:

|  |  |
|--|--|
| Debtor | ) <br> ) Case Number: <br> ) <br> ) |
| Plaintiff | ) |
| vs. | ) Adversary Number: <br> ) |
| Defendant | ) |

## ORDER EXTENDING TIME

This matter coming before the undersigned Judge upon the Defendant's <u>ex</u> <u>parte</u> application to extend the time to file an answer.

For cause shown in the foregoing application, it is **ORDERED** that the Defendant be allowed an additional thirty days from the date of the signing of this ORDER to file an answer or otherwise plead.

**IT IS FURTHER ORDERED** that the parties shall file a Scheduling Memorandum with the Court on or before _____.

**IT IS FURTHER ORDERED** that if the parties agree on a discovery plan, they must sign and file with the Court a Joint Scheduling Memorandum on such date along with a proposed Joint Scheduling Order.

In the event that a Joint Scheduling Memorandum has **not** been approved, a pretrial hearing will be held on _____ at _____ in _____ _____.

This the ___ day of ____ 200_.

                                                                                           BANKRUPTCY JUDGE

# UNITED STATES BANKRUPTCY COURT
# MIDDLE DISTRICT OF NORTH CAROLINA

## MEMORANDUM

TO:             ATTORNEY FOR PLAINTIFF

FROM:       CLERKS OFFICE, U. S. BANKRUPTCY COURT

RE:             ADVERSARY PROCEEDING INFORMATION
                    (Service of Summons and Complaint)

Attached hereto is a copy of the Summons and Notice of Pretrial Conference which has been prepared for the Complaint you filed. It is the responsibility of the Attorney for the plaintiff to serve a copy of the Summons (which also contains the notice of pretrial) and a copy of the Complaint on each defendant named in the complaint (copies must conform to the original). You may do this by the following methods:

1. **First Class Mail** - this is the most frequently used type of service. A copy of the summons - notice and a copy of the complaint would be mailed first class with postage prepaid to the defendant's usual dwelling house or place where he regularly conducts his business or profession.

2. **Personal Service** - This means that a copy of the summons - notice and a copy of the complaint are *personally* handed to the defendant. This type of service may be made by any person at least 18 years old who is not a party to the action. Sometimes, the attorney will request that the sheriff, U.S. Marshal, a private process server, secretary or paralegal perform this service.

3. **Publication** - this is the least common type of service and may be used only with authority of the Court. (See Bankruptcy Rule 7004©.)

**TIME LIMIT FOR SERVICE**. The Summons must be served within ten (10) days from the date of the issuance of the Summons unless a shorter time period is required by the Court. This would occur if the time for answering the complaint is shortened by the Court (less than 30 days from the date of issuance of the Summons). In that event, the Court would like you to serve the Summons as soon as possible - or at least within three (3) days.

If the Summons is not served within the proper time, it will be necessary to contact the Court and a new Summons will need to be prepared.

**CERTIFICATE OF SERVICE**. After the Summons and Complaint have been served on the Defendants, you must file a certificate of service with the Court. This may be done by completing the back of the of the Summons form and filing same with the Court. This certificate of service must be filed promptly after the defendants have been served.

# UNITED STATES BANKRUPTCY COURT
# MIDDLE DISTRICT OF NORTH CAROLINA

## MEMORANDUM

TO:         ATTORNEY FOR PLAINTIFF

FROM:     CLERK, U. S. BANKRUPTCY COURT

RE:         SERVICE OF MEMORANDUM TO PARTIES TO ADVERSARY PROCEEDING

      Attached hereto is a Memorandum from the Clerks Office directed to the parties to the adversary proceeding. At the time that you serve the Summons and Notice of Pretrial in the proceeding, please serve the attached Memorandum to the parties. This Memorandum is to alert all parties in the adversary proceeding of the need for formally requesting that their names be placed on the bankruptcy case matrix <u>if they desire to receive future notices in the bankruptcy case.</u>

      Should you have any questions regarding this matter, please do not hesitate to contact the Clerks Office.

# UNITED STATES BANKRUPTCY COURT
# MIDDLE DISTRICT OF NORTH CAROLINA

**MEMORANDUM**

TO:    **PARTIES IN ADVERSARY PROCEEDING**

FROM:  **CLERK, U. S. BANKRUPTCY COURT**

RE:    **PROCEDURE FOR INCLUSION OF NAME ON CASE MATRIX**

     By being a party in an adversary proceeding, you may be interested in having your name(or that of your attorney) placed on the bankruptcy case matrix in order that you can be informed of the various hearings scheduled in the case itself.  Because adversary proceedings are filed and maintained separately from the bankruptcy cases, parties in an adversary proceeding are not automatically added to the bankruptcy case matrix.  If you do desire that your name and address be added to the case matrix, you may send the Court a letter requesting this action.  If your attorney desires to placed on the case matrix, he would file a Notice of Appearance in the case with the Court.

# UNITED STATES BANKRUPTCY COURT
# MIDDLE DISTRICT OF NORTH CAROLINA

## MEMORANDUM

TO:         **PARTIES IN ADVERSARY PROCEEDING**

FROM:    **CLERK, U. S. BANKRUPTCY COURT**

RE:         **Court Reporter Services and Settlements**

       If cases are settled prior to a set hearing date, the attorneys should notify the court immediately of such settlement. The court cannot cancel the services of the court reporter on less than 24 hours notice. Accordingly, where cases are settled more than 24 hours prior to the court date and notice of settlement is received less than 24 hours prior to the court date, the court may impose sanctions of up to $280, for the charges of the court reporter, to be paid one-half by each party.